# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| YESSUP MUSIC COMPANY, VAN HALEN MUSIC AND EMI APRIL MUSIC, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> W.H.T., INC. AND STEVE J. FOSS, <br><br> Defendants. | CASE NUMBER:  05 - 145 RHK/AJB <br><br> **FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT** <br><br> **Reference Docket No: 9** |

Plaintiffs moved this Court for entry of a default judgment based on the pleadings and files of record.  The Court was informed and the file indicated that service of the Complaint was made on Defendants on January 26, 2005 and that no Answer or other appearance has been served or filed by or on behalf of Defendants.

The Court held a hearing on Plaintiffs' motion at 8:00 a.m. on May 23, 2005 Appearing for Plaintiffs was Michelle A. Paninopoulos.  Defendants did not appear.

Based on the pleadings and files of record, and the Court being fully advised, the Court makes the following:

## FINDINGS OF FACT

1.      Defendants W.H.T., Inc. and Steve J. Foss did at all times hereinafter mentioned own, control, manage, operate and maintain a restaurant known as American Sports Café in St. Paul, Minnesota.

2.      Defendant Steve J. Foss is the CEO of W.H.T., Inc. with primary responsibility for the control, management, operation and maintenance of the affairs of said corporation.

3.      At the time of the acts of infringement described in the Complaint, Plaintiffs were and still are the owners of valid United States copyrights in and to the musical compositions "When It's Love," Runaround," "Panama," and "Get Busy" as set forth in the Complaint.

4.      The record is clear that Defendants were repeatedly advised of their obligations under the Copyright Laws and refused to obtain permission to perform Plaintiffs' copyrighted music.

5.      On the dates indicated in the Complaint, Defendants willfully infringed said copyrights by giving public performances of the compositions at American Sports Café and Defendants may continue such infringing performances in the future.

6.      The amount that Defendants would have had to pay to be properly licensed by Plaintiffs from November of 2002 through the end of this year is $10,375.00.

## CONCLUSIONS OF LAW

7. Plaintiffs are entitled to the relief demanded in their Complaint, namely an injunction, statutory damages and an award of costs, including reasonable attorneys' fees.

8. The amount of statutory damages should be sufficient to compensate the Plaintiffs for their lost license fees with an additional amount to effectuate the deterrent function of the Copyright Act's statutory damages remedy. The Court concludes that this additional amount should be $2000 per count for each of the four counts of copyright infringement, or $8,000 in total. This additional amount is reflected in the Court's Order below.

Upon the foregoing, **IT IS ORDERED** that without security an injunction in the following form issue:

**IT IS ORDERED AND DECREED** that the Defendants W.H.T., Inc. and Steve J. Foss and all persons acting under their direction, control, permission or authority are permanently

**ENJOINED** from publicly performing any copyrighted compositions owned by plaintiffs as well as all other copyrighted musical compositions in the repertory of the American Society of Composers, Authors and Publishers and from causing or permitting said compositions to be publicly performed in any place owned, controlled, or conducted by defendants, or from aiding or abetting the public performances of any such compositions in any such place or otherwise without the permission of copyright owner or unless or until licensed to do so by Plaintiffs or the American Society of Composers, Authors and Publishers as their agent.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Plaintiffs shall recover from the defendants the sum of $18,375.00 as statutory damages plus

$2,840.87 in costs and fees, comprised of $1,966.50 in attorneys' fees, $596.66 in out-of-pocket expenses representing the cost of obtaining the evidence of infringements on which the action is based, and $277.71 in additional costs including filing and services fees and other expenses.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:   5/23  , 2005           s/Richard H. Kyle
                                Richard H. Kyle
                                United States District Judge